Marshall, O. J.
This is an action in mandamus invoking the original jurisdiction of this court to compel the state medical board to issue to relator a license to practice certain limited branches of medicine and surgery without submitting to an examination before the 'state medical board.
*21 The petition alleges relator’s residence and citizenship and that he was engaged in practice within this state of the profession of chiropractic and mechano-therapy for a period of five years continuously prior to October 1, 1915/ and during all that time received compensation for his services so performed; that on June 20, 1920, he filed with the state medical board his affidavit and the affidavits of five other Ohio citizens, alleging such practice, and requested a license, at the same time tendering the statutory fee required, but that the board “illegally, arbitrarily and capriciously refused and still refuses to issue to plaintiff such license.” The supporting affidavits were attached to and made a part of the petition. Those affidavits are alike in many respects and allege five years’ continuous practice prior to October 1, 1915, for which compensation was received. Three of the affidavits state that during such time he was also engaged in other professional pursuits, that he maintained an office in Magnetic Springs, Ohio, with bath-house attached, and that he was known as a drugless healer.
The medical board answered, pleading a general denial, except admitting the filing of the affidavits, the deposit of the statutory fee, and the refusal to issue the license. It further answered specially stating that relator prior to 1920, to-wit, on August 3, 1915, and again on November 15, 1915, and again on November 3, 1917, filed affidavits with such medical board, each and all of which affidavits alleged that he had practiced such limited branches for the period of more than five years prior to October 1, 1915, but that no license was granted in response to any of such affidavits. The answer further stated *22 that relator had stated to the defendant through its secretary that his practice had been gratuitous at intervals during all said time. The answer contained the further allegation: ‘ ‘ Said defendants further aver that under the act above referred to it is their duty to pass upon and determine the correctness and truthfulness of the affidavit therein provided for, and if satisfied that such affidavit is incorrect or false, it is their duty not to issue such license, and having investigated and considered the facts stated in said affidavits, in good faith, believed then and still believe, and allege as a fact, that the same are incorrect and materially false, and have refused to grant said applicant a license as stated in the plaintiff’s petition.”
To this answer a reply was filed by relator which denies that he stated to the secretary of the medical board that he had practiced the limited branches of medicine referred to in his application gratuitously. He also denied other allegations of new matter.
The case was first heard in this court upon a demurrer to the answer, which demurrer was overruled, and the reply was thereafter filed and an order made for taking testimony.
When the case came on to be heard upon its merits, no testimony had been taken and no testimony was tendered, it being claimed by counsel for the relator that the affidavits attached to the petition should be received as evidence, and that a, prima facie case was thereby made which was not met by any evidence on the part of the defendants. It was not of course contended by counsel for relator that affidavits attached to a petition are to be considered *23 as evidence under any general rule, but bis contention is that they are to be given the force and effect of testimony supporting the allegations of the petition by reason of certain provisions contained in. Section 1274-2, General Code. The pertinent provisions of that section are as follows:
“Any person, practicing in Ohio who at the time of the passage of this act shall actually be engaged in this state for a period of five years continuously prior to October first, 1915, in the practice of any one or more of the limited branches of medicine or surgery hereinbefore enumerated, and who shall present to and file with the state medical board an affidavit to that effect after the passage of this act shall be exempted from the examination, and shall be entitled to receive from said board a license to practice, upon the payment to said board of a fee of twenty-five dollars. The examination of all other applicants shall be conducted under rules prescribed by the board and at such times and places as the board may determine.”
It is claimed that by virtue of the foregoing provisions, the mere filing of the affidavit alleging five years’ continuous practice prior to October 1, 1915, makes it mandatory upon the state medical board to issue the license, thereby giving relator the right to continue in the practice, and that the truth or falsity of such affidavit may not be questioned by the board. It therefore must be determined whether that portion of the statute above quoted does make it mandatory upon the state medical board to issue the license upon the filing of the affidavit, as alleged by relator.
*24 A careful study of the language of that section discloses that two things are required: first, the applicant “shall actually be engaged in this state for a period of five years continuously prior to October first, 1915, in the practice;” and, second, he must “present to and file with the state medical board an affidavit to that effect,” etc.
There must therefore be the preliminary existing fact of such person having practiced as required, and there must also exist the subsequent compliance with the requirement of filing an affidavit with the state medical board, thereby bringing the matter properly before the board, and it is only upon the existence of both essential requirements that the applicant shall be entitled to receive a license. It is the opinion of this court that the mere filing of the affidavit is not to be taken as full proof of the preliminary fact.
Nowhere in the. section is it stated that the affidavit shall be taken as “proof,” neither is any limitation found in the section as to the manner of proving that such person has actually been engaged in the practice. The entire matter of issuing licenses is placed within the jurisdiction of the state medical board, and no other public official or board has any control over the issuing of such licenses, except that a review is provided by proper appeal from certain orders made by the state medical board. If any determination of facts is necessary to be made it must necessarily be made by the state medical board, and for this purpose the board must be held to have such implied powers as are necessary to carry into effect the express powers and duties enjoined upon it by virtue of the above-quoted and other related *25 sections. Before any person is entitled to a license without examination he must have been actually engaged in the practice for a period of five years, and it cannot he said that there is a clear legal duty on the part of the state medical board to issue a license upon the mere filing of affidavits when facts of a contrary tenor have been brought directly to the attention of the hoard by the applicant himself, and when, in its opinion, the supporting affidavits are at best only legal conclusions and therefore without probative force or effect. While these observations seem to he incontrovertible upon principle, we are not without authority upon this proposition. This case finds a parallel in the case of Duncan, Judge, v. State, ex rel. Brown, 82 Ohio St., 351. In that case it was sought to disqualify a common pleas judge, under the provisions of Section 550, Revised Statutes, as it existed in 1909. The pertinent provisions of that section were as follows: “When a judge of the common pleas court is interested in any cause or matter pending before the court in any county of his district, or is related to, or has a bias or prejudice, either for or against, any party to such matter or cause * * * the supervising judge of any other subdivision * * * shall proceed * * * to designate and assign some other judge * * * to hold the court and try the matter or cause where the same is pending,” etc. It will be seen that that section did not contain the word “and,” to join the two branches of the section, and yet it was held by the unanimous judgment of the court (page 356) as follows: “It is clear that two things must concur before the supervising judge is authorized to appoint another judge: first, the actual fact of *26 interest, relationship, bias or prejudice, or other disqualification must, exist and, second, he must have satisfactory information of that fact. That is, the information which authorizes the supervising judge to designate another judge, must be of such a nature as to satisfy him that the disqualification really exists and is not a subterfuge. The affidavit is, at best, no more than prima facie evidence of the fact. The supervising judge may accept it and act upon it if he chooses to do so; but if, for any reason, he feels that further evidence of the disqualification is desirable, it is not only his privilege but his duty to require it. He is therefore invested with a judicial discretion which cannot be controlled by a writ of mandamus. ”
This decision has been quoted with approval in the recent case of Ohio, ex rel. Chute, v. Marshall, Chief Justice, 105 Ohio St., 320, and nothing further need be stated to show the deadly parallel between Section 550, Revised Statutes, now Section 1687, General Code, and the quoted portions of Section 1274-2, General Code.
It has been urged that no qwasi-judicial power is conferred upon the board. It is not necessary to enter into technical refinements and niceties of reasoning to determine whether the discretion neeessarily reposed in the board in order to enable it to properly discharge its duties is to be classed as quasi-judicial or merely as power for the determination of facts having no relation to judicial procedure. The duties and responsibilities resting upon the state medical board in such matters in no wise differ from the duties and responsibilities resting upon the vast majority of public officials who are neees *27 sarily required to exercise judgment and discretion.
It has been urged that the state medical board does not have any discretion in the matter, nor any gwsi-judicial powers,, but, that, on the contrary, its duty upon the mere filing of an affidavit is purely ministerial and so clear that the performance of that duty can be compelled by the extraordinary writ of mandamus. In considering this question it must be borne in mind that the state medical board has a most important function imposed upon it, that of safeguarding the public against the ministrations of those who are not qualified by proper training, education and experience to minister to the wants of' those who are afflicted by functional or organic diseases or are the unfortunate victims of accident. Acting under a very proper exercise of police power the general assembly has placed upon the state medical board the duty of thus safeguarding the public interest. The state medical board has an important duty to discharge, and that duty is none the less important because in the instant case the applicant only seeks a certificate for the limited practice of medicine and surgery. However limited it may be, it is nevertheless the practice of medicine and surgery and is so recognized' by Section 1274-1, General Code. A sick person frequently has no conception of the cause or nature of his ailments, or of the proper remedy to be applied. He submits his physical wellbeing to the practitioner, and this without any knowledge whether his ailments come within the scope of the limited experience of the chiropractor, or whether, on the other hand, he would be better served by the general practitioner. Neither does a case of sudden illness afford time to *28 inquire whether a limited practitioner has secured his license to practice by the mere form of making an affidavit, or whether the state medical board has after full investigation certified to the applicant’s actual experience. If the state board is permitted to satisfy itself as to the actual experience of the applicant, the license not only becomes a recommendation to the licensee, but also serves as a protection to the public, who have no means of making intelligent inquiry.
Under the one construction the statute serves a useful purpose, while under the other it becomes a mere form and a source of infinite danger to the afflicted.
The underlying purpose of conferring upon the board the power to issue licenses to practice medicine and surgery is protection against inexperience and incompetency. The construction contended for, if put upon this section, is such as to take away all inquiry as to the applicant’s experience, and to substitute therefor the simple and worse than useless expedient of the mere form of an affidavit.
It has further been urged that no provision is made in the statutes particularly authorizing the board to receive or consider other evidence than the affidavit filed by the applicant. We have heretofore referred to the implied power given to a board under such circumstances, and we are not without authority upon this proposition. A similar principle was discussed by this court in the case of State, ex rel., v. Hildebrant, 93 Ohio St., 1, 11, 12, involving the election laws, wherein this court, speaking by Judge Donahue, made the following observation, at page 11: “If a master commands a servant to do a *29 particular thing, without directing him in detail how he shall do it, it is a fair and necessary presumption that the servant is to exercise an intelligent discretion in doing the thing commanded to he done. Certainly affairs of state must be conducted on as equally intelligent lines as private business. Therefore, if the constitution of the state commands a public officer to do a particular thing, without directing the manner in which it shall be done, and the general assembly of the state has not, in the exercise of the authority conferred upon it, enacted any laws to facilitate the operation of the provisions of the constitution, it necessarily follows that the officer who is required to perform this duty has implied authority to determine, in the exercise of a fair and impartial official discretion, the manner and method of doing the thing commanded; otherwise, full directions would have been given the officer or the duty would not have been imposed upon him. It would be the merest folly to command him to do a particular thing and then withhold from him the power to do it.” It cannot reasonably be questioned that the legislature intended to confer upon the state medical board such authority as would enable the board to properly examine the qualifications of all applicants for certificate to practice medicine and surgery, and this duty is none the less important because it was only sought in this case to obtain a license to practice to a limited extent. "While no duty is imposed by Section 1274-2 upon the state medical board to inquire into the qualifications of the applicant, and while it is conceded that the general assembly had the power to exempt applicants who have had five years’ actual experience in *30 the practice of the limited branches of medicine and surgery from the requirement of an examination, and while the general assembly could have made the mere filing of an affidavit proof of five years’ experience, the section does not so provide.
We need not look to the power of the legislature, or the validity of Section 1274-2, General Code, but to the proper construction and application of its plain, unambiguous terms.
The state medical board not only has jurisdiction, but all necessary facilities, to make inquiry into this matter, because the provisions of Section 1275-1, General Code, confer upon the state medical board power to require the attendance of witnesses and the production of evidence “at any hearing of any matter which the board has authority to investigate,” and further provide for compelling the attendance of witnesses and the taking of depositions, if necessary. It will further be found that in Section 1276, General Code, an appeal may be taken to the court of common pleas from any action of the board refusing to grant or suspending or revoking a certificate or license, the section further providing that the judgment of the court of common pleas may be reviewed upon proceedings in error in- the court of appeals. This right of appeal has been recognized by this court in a case quite similar, very recently decided, being cause No. 15964, Rutledge v. State Medical Board, 106 Ohio St., 544.
It is claimed by counsel that the affidavits attached to the petition, and which are made by express reference parts of the petition, must be taken by this court as evidence establishing the facts they contain, in the absence of counter affidavits filed by the medical board in this action seeking to controvert *31 their material allegations. This is a most remarkable claim and surely it requires no argument or citation of authority to show the fallacy of such a position. It is universally conceded from a legal standpoint that the allegations of a pleading are not to be accepted as evidence. Of course in certain classes of cases, where default judgment is permissible, the allegations of a petition are taken as confessed to be true in the absence of an answer. But that principle can have no application to the present controversy, because this answer contains a general denial of all the allegations of the petition which are not specifically admitted to be true, to-wit, “and having investigated and considered the facts stated in said affidavits, in good faith, believed them and still believe, and allege as a fact, that the same are incorrect and materially false. ’ ’
Section 1274-2 was intended to give to persons who had continuously practiced certain limited branches of medicine and surgery immunity from examination, and to this extent certain substantial rights have been conferred, and such persons are entitled to have' their rights thus conferred fully protected and respected. On the other hand, the public has the right to be protected from the ministrations of incompetent and inexperienced persons who have not had the experience prescribed by that section, and it is absurd to contend that the mere filing of an affidavit, however false and fraudulent, shall be accepted by the state board in lieu of the actual experience which the statute by its express terms makes a condition precedent to the filing of the affidavit. It is equally absurd to say that a clear legal ■duty is imposed upon the state board to issue the license notwithstanding previous statements of the *32 applicant to the board which show that the affidavit he makes is untrue, or where other information coming to the attention of the board causes the board in good faith to believe that the applicant has not “actually” been engaged “continuously” in such practice for the period of time required.
In this case the state medical board, desiring to discharge its full duty to protect the sick and afflicted, and to fulfill its most important mission, that of permitting only competent, trained, experienced persons to treat diseases and injuries of human beings, is resisting the allowance of the extraordinary writ of mandamus in this case, and has filed an answer in which it is alleged not only that the relator has not actually had the experience required by the statute, but also that the affidavit filed by him as the basis of this proceeding, and other affidavits made by him prior thereto and filed with the state medical board, are each and all materially false and untrue. The answer filed by the state medical board puts in issue the material averments of the petition and raises an issue of fact. The burden is upon, the relator to affirmatively maintain the issue thus made. No competent evidence has been offered on the part of the relator and the burden has therefore not been sustained by him. The judgment will therefore be for the defendants and the petition will be dismissed at the relator’s costs.

Judgment for defendants.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.